IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01789-BNB

RANDALL M. MINOR,

    Applicant,

v.

LARRY E. REID (Warden), and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 3 0 2007

GREGORY C. LANGHAM
                  CLERK

---

ORDER DIRECTING APPLICANT
TO FILE AMENDED APPLICATION AND TO SHOW CAUSE

---

Applicant, Randall M. Minor, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Colorado State Penitentiary in Cañon City, Colorado. Mr. Minor has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (2006). As relief he asks "to vacate the conviction and remand case back to district court and/and to vacate entire sentence and parole. Release from imprisonment and confinement." Application at 9.

The Court must construe the habeas corpus application liberally because Mr. Minor is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Minor will be ordered to file an amended application and to show cause why the application should not be denied for failure to exhaust state remedies.

The Court has reviewed the application and finds that the application is deficient. Mr. Minor's application fails to comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); ***Browder v. Director, Dep't of Corrections***, 434 U.S. 257, 269 (1978); ***Ewing v. Rodgers***, 826 F.2d 967, 969-70 (10th Cir. 1987).

Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(e)(1) provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Minor's application is confusing. He appears to be asserting claims pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction and sentence (claims one and two). He also appears to be asserting claims pursuant to 42 U.S.C. § 1983 (2006) challenging the conditions of his confinement (claims three and four). Generally, a prisoner's challenge to his conditions of confinement is cognizable in a civil rights action. *See, e.g., **Richards v. Bellmon***, 941 F.2d 1015, 1018 (10th Cir. 1991).

To the extent Mr. Minor asserts claims challenging the validity of his conviction and sentence, he may do so in the instant habeas corpus action pursuant to 28 U.S.C. § 2254. To the extent he is challenging the conditions of his confinement, he must do

so in a separate 42 U.S.C. § 1983 action. Although Mr. Minor has failed to comply with Fed. R. Civ. P. 8, he will be given an opportunity to file the appropriate claims on an amended 28 U.S.C. § 2254 application.

Mr. Minor must exhaust state remedies before he raises his habeas corpus claims in federal court. Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. **See O'Sullivan v. Boerckel**, 526 U.S. 838 (1999); **Dever v. Kansas State Penitentiary**, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claims have been presented fairly to the state courts. **See Castille v. Peoples**, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issues be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." **Dever**, 36 F.3d at 1534. "The exhaustion requirement is not one to be overlooked lightly." **Hernandez v. Starbuck**, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. **See Miranda v. Cooper**, 967 F.2d 392, 398 (10th Cir. 1992).

Mr. Minor alleges that he has failed to exhaust state court remedies for the habeas corpus claims he is raising in this action. Therefore, Mr. Minor also will be ordered to show cause why the application should not be denied for failure to exhaust state remedies. Accordingly, it is

ORDERED that Mr. Minor file **within thirty (30) days from the date of this order** an amended application that complies with this order. It is

FURTHER ORDERED that the amended application shall be titled "Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Minor, together with a copy of this order, two copies of the Court-approved form for filing an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 to be used in filing the amended application for a writ of habeas corpus pursuant to § 2254. It is

FURTHER ORDERED that if Mr. Minor fails within the time allowed to file an amended application and to show cause as directed, the application will be denied and the action will be dismissed without further notice.

DATED August 30, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01789-BNB

Randall M. Minor
Prisoner No. 64362
Colorado State Penitentiary
PO Box 777
Cañon City, CO 81215- 0777

   I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on 8/30/07

GREGORY C. LANGHAM, CLERK

By: _____
         Deputy Clerk